1
**STEVEN A. LERMAN & ASSOCIATES, INC.**
Steven A. Lerman, Esq.  (SBN: 55839)
2
6033 West Century Blvd., Suite 740
Los Angeles, CA 90045
3
T: (310) 659-8166/ F: (310) 285-0779
4

5
**TREYZON & ASSOCIATES**
Federico Castelan Sayre, Esq., (SBN: 67420)
6
Adam L. Salamoff, Esq., (SBN: 193686)
7
6 Hutton Centre Drive, Suite 600
Santa Ana, CA   92707
8
T: (714) 382-6795 / F: (714) 382-6796
9

Attorneys for Plaintiffs, EDSELL FORD, et al.
10

11
UNITED STATES DISTRICT COURT

12
CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

13
EDSELL FORD, individually and as      )
14
Successor-in-Interest of Decedent Ezell  )
Ford and TRITOBIA FORD,              )
15
individually, and as Successor-in-Interest )
of Decedent Ezell Ford,              )
16
                                     )
17
                 Plaintiffs,         )
                                     )
18
vs.                                  )
                                     )
19
CITY OF LOS ANGELES, LOS             )
20
ANGELES POLICE DEPARTMENT;           )
OFFICER SHARLTON WAMPLER;            )
21
OFFICER ANTONIO VILLEGAS and         )
DOES 1 - 10, inclusive,              )
22
                                     )
                 Defendants.         )
23
                                     )

CASE NO: CV14-7268-JFW MANx

**PLAINTIFFS' COMPLAINT FOR DAMAGES**

1.    Violation Of Federal Civil Rights [42 USC §§ 1983, 1985, 1986, 1988]

2.    Violation Of Federal Civil Rights: Monell Claim [42 USC §§ 1983, 1985, 1986, 1988]

**DEMAND FOR JURY TIAL**

24

25

26
          COME NOW, PLAINTIFFS EDSELL FORD AND TRITOBIA FORD, DO

27
HEREBY ALLEGE AND COMPLAIN AS FOLLOWS:

28

**PARTIES**

1.     Plaintiff, EDSELL FORD is a surviving parent of Decedent EZELL FORD, and at all times mentioned herein was an individual residing in Los Angeles County, State of California. EDSELL FORD, individually, is an 'heir at law' of decedent EZELL FORD, as that term is defined by the California Code of Civil Procedure Section 377.60(a) and elsewhere and has legal standing to maintain an action for wrongful death based upon the death of his son, EZELL FORD, under California Code of Civil Procedure section 377.60. Plaintiff EDSELL FORD may maintain causes of action under 42 U.S.C. §1983 as a Federal Wrongful Death Action and recover damages for the value of the decedent's life and the decedent's pain and suffering under cases interpreting 42 U.S.C. section 1983, and violation of California Civil Code §§51.7, 52 and 52.1.

2.     Plaintiff, TRITOBIA FORD is a surviving parent of Decedent EZELL FORD, and at all times mentioned herein was an individual residing in Los Angeles County, State of California. TRITOBIA FORD, individually, is an 'heir at law' of decedent EZELL FORD, as that term is defined by the California Code of Civil Procedure Section 377.60(a) and elsewhere and has legal standing to maintain an action for wrongful death based upon the death of her son, EZELL FORD, under California Code of Civil Procedure section 377.60. Plaintiff TRITOBIA FORD may maintain causes of action under 42 U.S.C. §1983 as a Federal Wrongful Death Action and recover damages for the value of the decedent's life and the decedent's pain and suffering under

COMPLAINT

cases interpreting 42 U.S.C. section 1983, and violation of California Civil Code §§ 51.7, 52 and 52.1.

3.    Defendant OFFICER SHARLTON WAMPLER is and at all times mentioned herein was, an Officer employed by the LAPD, who was acting within the course and scope of his employment at the time he undertook the activities alleged herein and was, at all times herein mentioned, acting under color of state law as an employee, agent, and representative of every other defendant.

4.    Defendant OFFICER ANTONIO VILLEGAS is and at all times mentioned herein was, an Officer employed by the LAPD, who was acting within the course and scope of his employment at the time he undertook the activities alleged herein and was, at all times herein mentioned, acting under color of state law as an employee, agent, and representative of every other defendant.

5.    Plaintiffs are informed and believe that Defendant CITY OF LOS ANGELES (Hereinafter, "CITY"), is an incorporated municipality doing business in the State of California with its principal place of business in Los Angeles, and the employer of the individual officers named as Defendants in this action.

6.    Plaintiffs are informed and believe and thereon allege that Defendant LOS ANGELES POLICE DEPARTMENT (Hereinafter "LAPD") is a public entity existing within the State of California, County of Los Angeles. Plaintiffs are informed and believe that Defendant LAPD is and was the official police agency for the CITY, at all

3

COMPLAINT

times mentioned herein, and is the employer of the individual officers named as Defendants in this action.

7.    Plaintiffs are informed and believe that Defendant DOES 1-10 are supervisors, officers and/or staff of the LAPD and/or CITY and are fictitiously named individuals whose true names are unknown at this time to Plaintiffs. The true names and capacities of DOES 1-10 are unknown to plaintiffs, who therefore sue said defendants by such fictitious names and will amend this complaint to allege their true names and capacities when ascertained.   Plaintiffs are informed and believe and based thereon alleges that each of the fictitious named defendants are responsible for the acts complained of herein.

8.    At all relevant times herein, each of the Defendants was an agent, servant, or employee of each of the remaining Defendants acting under color of state and/or federal law, and was at all times acting within the time, purpose or scope of said agency or employment, and was acting with the express or implied knowledge, permission or consent of the remaining Defendants, and each of them. Each of the Defendants held out the other as its authorized representative and each of the Defendants ratified the conduct of its agents. At all times herein mentioned, DOES 1-10 were and are Defendants whose identity is unknown at this time who supervised, controlled, or were in some manner responsible for the activities alleged herein and proximately caused Plaintiffs' damages.

COMPLAINT

## FACTUAL ALLEGATIONS

9.    On or about August 11, 2014, Plaintiffs EDSELL FORD and TRITOBIA FORD were residing at 352 W. 66th Street, Los Angeles, CA 90003.  Decedent EZELL FORD also resided at 352 W. 66th Street, Los Angeles, CA 90003.  At the time of the subject incident, decedent EZELL FORD was 25 years old.

10.    On or about the evening of August 11, 2014, while lawfully walking in the 200 block of West 65th Street, near the intersection of S. Broadway, at approximately 8:00 p.m., defendants LAPD OFFICERS SHARLTON WAMPLER and ANTONIO VILLEGAS, while acting within the course and scope of their duties as employees of the LAPD and acting as representatives of the CITY, approached EZELL FORD.

11.    Decedent EZELL FORD, who was mentally challenged, a fact that was known to defendants LAPD, CITY and OFFICERS SHARLTON WAMPLER and ANTONIO VILLEGAS, was not acting in the commission of any crime, at the time he was approached by defendant OFFICERS SHARLTON WAMPLER and ANTONIO VILLEGAS.

12.    Defendant OFFICERS SHARLTON WAMPLER and ANTONIO VILLEGAS ordered decedent EZELL FORD to lie on the ground, to which decedent EZELL FORD complied.

13.    At the time he was approached and stopped by defendant OFFICERS SHARLTON WAMPLER and ANTONIO VILLEGAS, decedent EZELL FORD was unarmed.

COMPLAINT

14.    Within moments, defendant OFFICERS SHARLTON WAMPLER and ANTONIO VILLEGAS intentionally and/or negligently fatally shot unarmed Decedent EZELL FORD, multiple times, with their firearms.   Decedent EZELL FORD died shortly thereafter that evening.

15.    The activities undertaken by the Defendant OFFICERS SHARLTON WAMPLER and ANTONIO VILLEGAS constituted an inappropriate seizure of a person under the Fourth Amendment of the United States Constitution as decedent EZELL FORD was; 1) not acting in the commission of any crime when approached by defendant OFFICERS SHARLTON WAMPLER and ANTONIO VILLEGAS; 2) clearly unarmed at the time; 3) compliant with defendant OFFICERS SHARLTON WAMPLER and ANTONIO VILLEGAS' orders; and 4) mentally challenged, a fact known by defendant OFFICERS SHARLTON WAMPLER and ANTONIO VILLEGAS prior to the shooting.

16.    The repeated discharge of their firearms by defendant OFFICERS SHARLTON WAMPLER and ANTONIO VILLEGAS, upon Decedent EZELL FORD constituted further unconstitutional violations of decedent's civil rights, in that they constituted excessive force in violation of the Fourth and Fourteenth Amendments of the United States Constitution.

17.    The actions of Defendants, and each of them, were in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the actions undertaken by Defendants constituted an unjustified seizure of his person, deprivation of

6
COMPLAINT

his liberty interest, excessive force and were in violation of decedent's civil rights under color of law under 42 U.S.C. § 1983 and other sections of the United States Code as more fully set forth herein.

18.     Plaintiffs are informed and believe, and thereon allege, that Defendants CITY, LAPD and/or DOES 1-10 and their decision makers, with deliberate indifference, gross negligence, and reckless disregard to the safety, security, and constitutional and statutory rights of the Decedent EZELL FORD and plaintiffs, and all persons similarly situated, maintained, enforced, tolerated, permitted, acquiesced in, and applied policies, practices, or customs and usages of, among other things: subjecting people to unreasonable uses of force against their persons;

a.     selecting, retaining and assigning employees with demonstrable propensities for excessive force, violence, and other misconduct;

b.     failing to adequately train, supervise, and control employees in the dangers of repeated discharge of firearms, including, without limitation, the use of potentially lethal tactics, on individuals who may have pre-existing medical conditions which make such tactics unreasonably dangerous;

c.     failing to adequately discipline officers engaged in misconduct;

d.     condoning and encouraging officers in the belief that they can violate the rights of persons such as the decedent in this action with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits.

COMPLAINT

19.    Plaintiffs are informed and believe and thereon allege that Defendants CITY and/or LAPD have a longstanding custom, policy and practice of violating civil rights, including excessive use of force and other similar actions, and ordered, authorized, acquiesced in, tolerated, permitted or maintained custom and usages permitting the other defendants herein to engage in the unlawful and unconstitutional actions, policies, practices, and customs or usages set forth in the foregoing paragraph. Defendants' conduct as alleged herein constitutes a pattern of constitutional violations based either on a deliberate plan by defendants or on defendants' deliberate indifference, gross negligence, or reckless disregard to the safety, security, and rights of plaintiffs and their decedent.

20.    Plaintiffs allege that Defendants acted in violation of the United States Constitution and that Decedent EZELL FORD's constitutional rights were violated. Defendants, and each of them, acted in violation of decedent's constitutional rights under the Fourth and Fourteenth Amendments to the United States constitution. Decedent EZELL FORD was subjected to an excessive amount of force where he had committed no criminal act, engaged in no suspicious criminal activity, and was seized without probable cause by Defendants while acting under color of law, pursuant to their actual and apparent authority.

21.    As a result of the repeated unconstitutional actions of Defendants, and each of them, EZELL FORD died. Plaintiffs have suffered, and continue to suffer, devastating

8

COMPLAINT

and overwhelming severe emotional distress, disgust, shock, anger, fright, nervousness and terror. Plaintiffs have further suffered economic and non-economic damages.

## FIRST CAUSE OF ACTION

## VIOLATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

## (By Plaintiffs Against Defendants Officer Sharlton Wampler, Officer Antonio Villegas and Does 1-10, inclusive)

22.   Plaintiffs incorporate each and every preceding paragraph as though fully set forth herein.

23.   This cause of action is to redress a deprivation, under color of authority, statute, ordinance, regulation, policy, custom, practice or usage of a right, privilege and immunity secured to Plaintiffs by the Fourth and Fourteenth Amendments to the United States Constitution.

24.   Defendant OFFICERS SHARLTON WAMPLER and ANTONIO VILLEGAS and Does 1-10, and each of them, owed a duty of ordinary care to avoid harm to Decedent EZELL FORD.

25.   Plaintiffs contend and herein allege that Defendant OFFICERS SHARLTON WAMPLER and ANTONIO VILLEGAS and Does 1-10, and each of them, breached these aforementioned duties, either negligently or intentionally, in relation to all their interactions with Decedent EZELL FORD, on August 11, 2014, including, but not limited to, use of their firearms upon decedent EZELL FORD, fatally shooting decedent EZELL FORD multiple times, while unarmed.

9

COMPLAINT

26.     Plaintiffs contend and herein allege that the aforementioned negligent/intentional breach of their duties by OFFICERS SHARLTON WAMPLER and ANTONIO VILLEGAS and Does 1-10, constituted violations of the civil rights of Decedent EZELL FORD, in contravention of 42 U.S.C. §1983 of the Fourth and Fourteenth Amendments of the Constitution of the United States. Plaintiffs further contend and allege that OFFICERS SHARLTON WAMPLER and ANTONIO VILLEGAS and Does 1-10's disregard of Decedent EZELL FORD's aforementioned civil rights was done by either actual malice or deliberate indifference to Decedent EZELL FORD's civil rights.

27.     Plaintiffs contend and herein allege that OFFICERS SHARLTON WAMPLER and ANTONIO VILLEGAS and Does 1-10's intentional use of their firearms upon Decedent EZELL FORD, who was unarmed, was the legal cause of EZELL FORD's death on August 11, 2014.

28.     On or about August 11, 2014, OFFICERS SHARLTON WAMPLER and ANTONIO VILLEGAS and Does 1-10, and each of them, violated decedent EZELL FORD's civil rights under the Fourth and Fourteenth Amendments of the United States Constitution prohibiting unlawful search and seizure and violation of due process of law. The violation was under color of state and federal law. OFFICERS SHARLTON WAMPLER and ANTONIO VILLEGAS and Does 1-10, and each of them, acted in violation of the Fourth and Fourteenth Amendments of the United States Constitution, when decedent EZELL FORD was subjected to excessive force and killed.

COMPLAINT

29.     The actions of Defendant OFFICERS SHARLTON WAMPLER and ANTONIO VILLEGAS and Does 1-10, as aforesaid, violated the Fourth and Fourteenth Amendments of the United States Constitution and violated 42 U.S.C. § 1983. The violation of decedent EZELL FORD's civil rights directly and proximately caused the injuries and damages to Plaintiffs as more fully set for the below.

30.     The false and illegal seizure and use of excessive force upon decedent EZELL FORD, was in violation of his civil rights to be free from the unreasonable search and seizure of his person, to be free from the loss of his physical liberty interest, and denial of substantive due process under the Fourth and Fourteenth Amendments of the United States Constitution. In addition, in taking the aforesaid action Defendant OFFICERS SHARLTON WAMPLER and ANTONIO VILLEGAS and Does 1-10, and each of them, violated EZELL FORD's civil rights, by being deliberately indifferent to EZELL FORD'S physical security, as set forth in *Wood v. Ostrander*, 879 F.2d 583.

31.     OFFICERS SHARLTON WAMPLER and ANTONIO VILLEGAS and Does 1-10, and each of theirs, actions as aforesaid directly and proximately caused injuries and damages to Plaintiffs, as more fully set forth below.

32.     On or about August 11, 2014, Defendant OFFICERS SHARLTON WAMPLER and ANTONIO VILLEGAS and Does 1-10 violated EZELL FORD's and Plaintiffs' Civil Rights by using a degree of physical coercion which was not objectively reasonable under the circumstances. EZELL FORD, who was known by defendants to be mentally challenged, was unarmed, posed no threat to anyone, including defendants,

11

COMPLAINT

was cooperative with the officers, and had committed no crime. Defendant OFFICERS SHARLTON WAMPLER and ANTONIO VILLEGAS and Does 1-10 use of excessive force was unreasonable and in violation of EZELL FORD'S and Plaintiffs' civil rights under the Fourth and Fourteenth Amendments of the United States Constitution to be free from an unreasonable seizure of his person and to be free from a loss of physical liberty. Defendant OFFICERS SHARLTON WAMPLER and ANTONIO VILLEGAS and Does 1-10's use of excessive force was in violation of EZELL FORD's and Plaintiffs' Fourth and Fourteenth Amendment Rights.

33. Defendant OFFICERS SHARLTON WAMPLER and ANTONIO VILLEGAS and DOES 1-10's use of excessive force was unreasonable and in violation of EZELL FORD'S and Plaintiffs' civil rights and violated the Fourteenth Amendment to the United States Constitution as their actions were sadistic and malicious and did not further any legitimate legal purpose.

34. Each of Defendant OFFICERS SHARLTON WAMPLER and ANTONIO VILLEGAS and DOES 1-10 named herein, is individually liable for the violation of decedent EZELL FORD'S and Plaintiffs' Civil Rights apart and aside from the customs, policies and practices of CITY and/or LAPD.

35 As a direct and proximate result of the conduct of Defendant OFFICERS SHARLTON WAMPLER and ANTONIO VILLEGAS and DOES 1-10, and each of them, Decedent EZELL FORD suffered the following injuries and damages for which Plaintiffs may recover:

COMPLAINT

e.      Violation of decedent EZELL FORD'S Constitutional Rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person, deprivation of life and liberty and denial of due process of law;

f.      Loss of the life of EZELL FORD including the value of his life;

g.      Conscious physical pain, suffering and emotional trauma during the incident.

36.     As a direct and proximate result of the actions of Defendant OFFICERS SHARLTON WAMPLER and ANTONIO VILLEGAS and DOES 1-10, and each of them, Plaintiffs have also suffered the following injuries, including but not limited to:

h.      Loss of love, aide, comfort and society due to the death of decedent EZELL FORD, according to proof;

I.      Loss of economic support of decedent EZELL FORD; and

j.      Funeral and burial expenses according to proof.

37.     The conduct of defendant OFFICERS SHARLTON WAMPLER and ANTONIO VILLEGAS and DOES 1-10, was reckless and acted with callous indifference to the federally protected rights of EZELL FORD and Plaintiffs. Defendant OFFICERS SHARLTON WAMPLER and ANTONIO VILLEGAS and DOES 1-10, and each of them, engaged in despicable conduct by using unreasonable and excessive force and were malicious and in reckless and conscious disregard for the rights and individual safety of Plaintiffs. As such, Plaintiffs EDSELL FORD and TRITOBIA

COMPLAINT

FORD are entitled to punitive damages in accord with constitutionally permitted limits to punish and make an example of the individual defendant officers.

38.     Plaintiffs are entitled to an award of attorneys' fees, costs and expenses under 42 U.S.C. §1988, as a result of defendant OFFICERS SHARLTON WAMPLER and ANTONIO VILLEGAS and DOES 1-10's violations of decedent EZELL FORD'S and Plaintiffs' Civil Rights.

## SECOND CAUSE OF ACTION

## (DEPRIVATION OF CIVIL RIGHTS UNDER COLOR OF LAW)

## [MONELL CLAIM]

## [42 USC §§ 1983, 1985, 1986 and 1988]

## (Plaintiffs Against Defendants City of Los Angeles, Los Angeles

## Police Department and Does 1-10, inclusive)

39.     Plaintiffs hereby incorporate each and every of the preceding paragraphs, as though set forth fully herein.

40.     At all times herein mentioned, Defendants CITY, LAPD and/or Does 1-10 maintained a custom, policy and practice to allow the violation of Civil Rights, including racial profiling of African Americans and the use of excessive force upon African Americans. All of these actions were done in violation of decedent EZELL FORD'S and Plaintiffs' Civil Rights under Color of State Law and constituted a systematic custom, policy, practice and procedure instituted for denial of the Civil Rights of Plaintiffs and others.

COMPLAINT

1
2
3
4
5
41.     Prior to August 11, 2014, Defendants CITY, LAPD and/or Does 1-10, developed and maintained policies or customs exhibiting deliberate indifference to the Constitutional Rights of African Americans, which caused the violation of decedent EZELL FORD'S and plaintiffs' civil rights.

6
7
8
9
10
11
12
13
42.     It was the policy and/or custom of CITY, LAPD and/or Does 1-10, to inadequately supervise and train its officers in conducting seizures of African Americans, including the failure to adequately supervise and train Defendant OFFICERS SHARTLON WAMPLER and ANTONIO VILLEGAS and DOES 1-10, thereby failing to adequately discourage further Constitutional violations on the part of its Officers.

14
15
16
17
18
19
20
43.     As a result of the above-described policies and/or customs, Officers of Defendants CITY and LAPD, including OFFICERS SHARTLON WAMPLER and ANTONIO VILLEGAS and DOES 1-10, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, and would be tolerated and accepted.

21
22
23
24
25
26
44.     The above-described policies or customs demonstrated a deliberate indifference on the part of the policy makers of Defendants CITY, LAPD and/or Does 1-10, to the constitutional rights of persons within their jurisdiction, and were the cause of the violations of decedent EZELL FORD'S and Plaintiffs' Civil Rights as alleged herein.

27
28

COMPLAINT

45.   As a direct and proximate result of the conduct of defendants CITY, LAPD and/or Does 1-10, and each of them, Decedent EZELL FORD suffered the following injuries and damages for which Plaintiffs may recover:

k.   Violation of Decedent EZELL FORD's Constitutional Rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person;

l.   Loss of the life of Decedent EZELL FORD including the value of his life;

m.   Conscious physical pain, suffering and emotional trauma during the incident.

46.   As a direct and proximate result of the actions of Defendants, and each of them, Plaintiffs have also suffered the following injuries, including but not limited to:

n.   Loss of love, aide, comfort and society due to the death of Decedent EZELL FORD, according to proof;

o.   Loss of economic support of Decedent EZELL FORD; and

p.   Funeral and burial expenses according to proof.

47.   The conduct of Defendant OFFICERS SHARLTON WAMPLER, ANTONIO VILLEGAS and DOES 1-10, was reckless and acted with callous indifference to the federally protected rights of Decedent EZELL FORD and Plaintiffs. Defendant OFFICERS SHARLTON WAMPLER, ANTONIO VILLEGAS and DOES 1-10, and each of them, engaged in despicable conduct by using excessive force and was malicious and in reckless and conscious disregard for the rights and individual safety of

COMPLAINT

Plaintiffs. Plaintiffs EDSELL FORD and TRITOBIA FORD are entitled to punitive damages in accord with statutorily permitted limits to punish and make an example of the individual defendant officers.

48.     Plaintiffs are entitled to an award of attorneys' fees, costs and expenses under 42 U.S.C. Section 1988 due to Defendant OFFICERS SHARLTON WAMPLER, ANTONIO VILLEGAS and DOES 1-10's violations of decedent EZELL FORD's and Plaintiffs' Civil Rights.

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, for each cause of action, as follows:

1.     For all special damages including, but not limited to, lost wages and future earning capacity;

2.     For all general damages including, but not limited to, damages for pain, suffering, anguish, discomfort, severe emotional distress, disgust, terror, fright, anger, anxiety, worry, nervousness, shock, anguish and mental suffering, loss of enjoyment of life, loss of ability to engage in normal and customary activities, loss of comfort, society, care and companionship;

3.     For other and further special damages in a sum according to proof at the time of trial;

4.     For other and further general damages in a sum according to proof at the time of trial;

5.     For funeral and burial expenses of Decedent, according to proof;

COMPLAINT

6.    For prejudgment interest according to proof;

7.    For punitive damages against OFFICERS SHARLTON WAMPLER, ANTONIO VILLEGAS and/or Does 1-10, in an amount according to proof at the time of trial;

8.    For costs of suit incurred herein;

9.    For other and further relief as this court may deem just and proper; and

10.   For legal fees, expenses and costs incurred in prosecution in the present action for violation of Civil Rights pursuant to 42 U.S.C. section 1988.

DATED: September 16, 2014          STEVEN A. LERMAN & ASSOCIATES, INC.


By: _____
    Steven A. Lerman
    Attorneys for Plaintiffs

18

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial in the instant action on all stated causes of action.

DATED: September 17, 2014          STEVEN A. LERMAN & ASSOCIATES, INC.

By: _____
Steven A. Lerman
Attorneys for Plaintiffs

19

COMPLAINT