|  |  |
|---|---|
| 1 |  |
| 2 |  |
| 3 |  |
| 4 |  |
| 5 |  |
| 6 |  |
| 7 |  |
| 8 | UNITED STATES DISTRICT COURT |
| 9 | CENTRAL DISTRICT OF CALIFORNIA |
| 10 |  |

| | | |
|---|---|---|
| 11 | EDSELL FORD, individually and as Successor-in-Interest of Decedent Ezell Ford and Tritobia Ford, individually, and as Successor-in-Interest of Decedent Ezell Ford,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LOS ANGELES; LOS ANGELES POLICE DEPARTMENT; OFFICER SHARLTON WAMPLER; OFFICER ANTONIO VILLEGAS AND DOES 1 - 10, inclusive,<br><br>Defendants. | No. CV 14-7268 JFW (MANx)<br><br>Hon. John F. Walter<br><br>**PROTECTIVE ORDER ENTERED PURSUANT TO THE STIPULATION OF THE PARTIES** |

22  Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on
23 the parties' Joint Stipulation For Protective Order ("Stipulation") filed on February
24 11, 2015, the terms of the protective order to which the parties have agreed are
25 adopted as a protective order of this Court (which generally shall govern the pretrial
26 phase of this action) except to the extent, as set forth below, that those terms have
27 been substantively modified by the Court's amendment of paragraphs 1, 3, 6, 8 and
28 deletion of paragraph 10 of the Stipulation.

1

The parties are expressly cautioned that the designation of any information, document, or thing as Confidential Information or other designation(s) used by the parties, does not, in and of itself, create any entitlement to file such information, document, or thing, in whole or in part, under seal. Accordingly, reference to this Protective Order or to the parties' designation of any information, document, or thing as Confidential Information, or other designation(s) used by the parties, is wholly insufficient to warrant a filing under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. The Court has stricken the parties' good cause statement because the Court may only enter a protective order upon a showing of good cause, Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1176 (9th Cir. 2006), Phillips v. Gen. Motors Corp., 307 F.3d 1206, 1210-11 (9th Cir. 2002), Makar-Welbon v. Sony Electrics, Inc., 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons (see below), **with proper evidentiary support and legal justification**, must be made with respect to each document or item designated as Confidential Information or other designation(s) used by the parties, which a party seeks to have filed under seal. The parties' mere designation of any information, document, or thing as Confidential Information, or other designation(s) used by parties, does not -- **without the submission of competent evidence, in the form of a declaration or declarations, establishing that the material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable** -- constitute good cause.

Further, if sealing is requested in connection with a dispositive motion or trial, then compelling reasons, as opposed to good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. See Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-79 (9th Cir.

...

2010). For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order.  **Again, competent evidence supporting the application to file documents under seal must be provided by declaration.**

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed. Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

Notwithstanding any other provision of this Protective Order, in the event that this case proceeds to trial, all information, documents, and things discussed or introduced into evidence at trial will become public and available to all members of the public, including the press, unless sufficient cause is shown in advance of trial to proceed otherwise.

Further, notwithstanding any other provision of this Protective Order, no obligation is imposed on the Court or its personnel beyond those imposed by the Court's general practices and procedures.

**THE PARTIES ARE DIRECTED TO REVIEW CAREFULLY AND ACT IN COMPLIANCE WITH ALL ORDERS ISSUED BY THE HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE, INCLUDING THOSE APPLICABLE TO FILINGS UNDER SEAL.**

\\
\\
\\
\\

# AGREED TERMS OF THE PROTECTIVE ORDER AS ADOPTED AND MODIFIED BY THE COURT[1]

1. The parties designate as confidential the following material:

   [A] Interviews of Officer Sharlton Wampler and Antonio Villegas by the Force Investigation Division ("FID")

   [B] Deposition Testimony of Officer Sharlton Wampler and Antonio Villegas

   [C] Deposition Testimony of Witnesses

all of which the parties believe may contain information of a privileged, confidential, private, or sensitive nature. The **producing party shall affix** to documents or writings **containing this material** a legend, such as "Confidential." "Confidential Documents," "Confidential Material," "Subject to Protective Order" or words of similar effect. Documents and writings so designated, and all information derived therefrom (hereinafter, collectively, "Confidential Information"), shall be treated in accordance with the terms of this Protective Order. The parties may also designate deposition testimony, or portions thereof, which **refer to or reflect the above-described material or that the parties otherwise believe may contain information of a privileged, confidential, private, or sensitive nature** as Confidential Information.

2. Confidential Information may be used by the persons receiving such information only for the purpose of this litigation.

3. Subject to the further conditions imposed by this stipulation, Confidential Information may be disclosed only to the following persons:

   (a) Parties to the litigation, counsel for the parties, and experts,

---

[1] The Court's substantive modifications of the agreed terms of the Protective Order are generally indicated in bold typeface.

4

investigators, paralegal assistants, office clerks, secretaries and other such personnel working under their supervision;

  (b) Such other parties as may be agreed by written stipulation among the parties hereto;

  **(c) The Court and its personnel.**

4. Prior to the disclosure of any Confidential Information to any person described in paragraph 3(a) or 3(b), counsel for the party that has received and seeks to use or disclose such Confidential Information shall first provide any such person with a copy of this Protective Order, and shall cause him or her to execute, on a second copy which counsel shall thereafter serve on the other party, the following acknowledgment:

> "I understand that I am being given access to Confidential Information pursuant to the foregoing Protective Order. I have read the Protective Order and agree to be bound by its terms with respect to the handling, use, and disclosure of such Confidential Information.
>
> Dated: _____ /s/_____"

5. Upon the final termination of this litigation, including any appeal pertaining thereto, all Confidential Information and all copies thereof shall be returned to the party who disclosed the documents and/or destroyed. This paragraph does not apply to the Court and its personnel.

6. If any party who receives Confidential Information receives a subpoena or other request seeking Confidential Information, the party shall immediately give written notice to the producing party's counsel, identifying the Confidential Information sought and the time in which production or other disclosure is required, and shall object to the request or subpoena on the grounds of this Protective Order, so as to afford the party an opportunity to obtain an order barring the production or other disclosure, **or** to otherwise respond to the subpoena or other request for

production or disclosure of Confidential Material. Other than objecting on the grounds of this Protective Order, no party shall be obligated to seek an order barring production of Confidential Information. However, in no event should production or disclosure be made without written notice to the producing party's counsel unless required by court order after serving written notice to that party's counsel. **Nothing in this Protective Order should be construed as authorizing any party to disobey a lawful directive from another court.**

7. Any pleadings, motions, briefs, declarations, stipulations, exhibits, or other written submissions to the Court in this litigation which contain, reflect, incorporate, or refer to Confidential Information shall be lodged and accompanied by an application pursuant to Local Rule 79-5.1, to file the papers -- or the confidential portion(s) thereof -- under seal. Such application shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

8. **Any party may request that the Court hear a particular** motion, application, or other pre-trial proceeding that could entail the discussion or disclosure of Confidential Information outside the presence of **the public. Any party may also request the Court to limit public access to he courtroom for** any portion of the trial of this action **that would** entail the discussion or disclosure of Confidential Information. **In making any such requests, the moving party shall bear the burdens and expenses of seeking he protection of its Confidential Information in this Court and must provide the requisite showing, based on competent evidence, of "good cause" or "compelling reasons" for limiting the public's access to documents filed with the Court and Court proceedings.**

9. Nothing herein shall prejudice any party's rights to object to the introduction of any Confidential Information into evidence, on grounds including, but not limited to, relevance and privilege.

10. [DELETED]

11. This Protective Order is to be effective on the date the order is signed by the Court and may not be used for retroactive application to documents that were disclosed prior to the Court's signing of the order.

12. This Protective Order survives the settlement, trial, and/or appeal of this case.

**IT IS SO ORDERED.**

DATE: March 5, 2015

_____
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE