**NOTE CHANGES MADE BY COURT.**



UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDSELL FORD, et al.,<br><br>    Plaintiffs,<br><br>vs.<br><br>CITY OF LOS ANGELES, et al,,<br><br>    Defendants. | CASE NO. CV 14-7268 JFW (JPRx)<br><br>[*Assigned to Hon. John F. Walter*]<br><br>**PROTECTIVE ORDER** |

THE PARTIES, HAVING STIPULATED TO THE FOLLOWING, this Court hereby ORDERS as follows:

1. The parties designate as confidential the following:

    [A] Interviews of Officer Sharlton Wampler and Antonio Villegas by the Force Investigation Division ("FID");

    [B] Deposition Testimony of Officer Sharlton Wampler and Officer Antonio Villegas;

[C] Deposition Testimony of the following civilian witnesses:

    a. Jasmine Dabney

    b. Nicole Keddey

    c. Donnie Jones

all of which the parties believe may contain information of a privileged, confidential, private or sensitive nature. The producing party shall affix to documents or writings containing this material a legend, such as "Confidential," "Confidential Documents," "Confidential Material," "Subject to Protective Order" or words of similar effect. Documents and writings so designated, and all information derived therefrom (hereinafter, collectively, "Confidential Information"), shall be treated in accordance with the terms of this Protective Order. The parties may also designate deposition testimony, or portions thereof, which refer to or reflect the above-described material or that the parties otherwise believe may contain information of a privileged, confidential, private, or sensitive nature as Confidential Information.

2. Confidential Information may be used by the persons receiving such information only for the purpose of this litigation. Any attempt to use these materials for a purpose other than for purposes of this litigation must seek an order from the Court modifying this Protective Order, giving notice to all involved Parties of the motion to modify the Protective Order.

3. Subject to the further conditions imposed by this stipulation, Confidential Information may be disclosed only to the following persons:

(a) Parties to the litigation, counsel for the parties, and experts, investigators, paralegal assistants, office clerks, secretaries and other such personnel working under their supervision;

(b) The Los Angeles Inspector General, Alex Bustamante, his counsel, investigators, paralegal assistants, office clerks, secretaries and other such personnel working under their supervision;

[c] The following persons employed by the Los Angeles County District Attorneys' Office:

(i) Deputy District Attorney Renee Chang

(d) The Court and its personnel;

(e) Such other persons as may be agreed by written stipulation among the parties hereto or by order of the court, provided they sign an addenda agreeing to abide by the provisions of the protective order.

4. Prior to the disclosure of any Confidential Information to any person described in paragraph 3(a) or 3(b), counsel for the party that has received and seeks to use or disclose such Confidential Information shall first provide any such person with a copy of this stipulation, and shall cause him or her to execute, on a second copy which counsel shall thereafter serve on the other party the following acknowledgment:

"I understand that I am being given access to Confidential Information pursuant to the foregoing stipulation and order. I have read the Order and agree to be bound by its terms

3

with respect to the handling, use and disclosure of such Confidential Information.

Dated: _____/s/_____"

5.   Upon the final termination of this litigation, including any appeal pertaining thereto, all Confidential Information and all copies thereof shall be returned to the party who disclosed the documents and/or destroyed.  This paragraph does not apply to the Court and its personnel.

6.   If any party who receives Confidential Information receives a subpoena or other request seeking Confidential Information, the party shall immediately give written notice to the party's counsel, identifying the Confidential Information sought and the time in which production or other disclosure is required, and shall object to the request or subpoena on the grounds of this Protective Order, so as to afford the party an opportunity to obtain an order barring the production or other disclosure, or to otherwise respond to the subpoena or other request for production or disclosure of Confidential Material.  Other than objecting on the grounds of this stipulation, no party shall be obligated to seek an order barring production of Confidential Information.  However, in no event should production or disclosure be made without written notice to party's counsel unless required by court order after serving written notice to the party's counsel.  Nothing in this Protective Order should be contrued as authorizing any party to disobey a lawful directive from another court.

7.   Any pleadings, motions, briefs, declarations, stipulations, exhibits or other written submissions to the Court in this litigation which contain, reflect, incorporate or refer

to Confidential Information shall be lodged and accompanied by an ==application== pursuant to Local Rule 79-5.1, ==and Section 9 of the Court's Standing Order,== to file the papers - or the confidential portion(s) thereof - under seal. Such application shall be directed to the judge to whom the papers are directed. Pending the ruling on the application, the papers or portions thereof subject to the sealing application shall be lodged under seal.

8. Any party may request that the Court hear a particular motion, application, or other pre-trial proceeding that could entail the discussion or disclosure of Confidential Information outside the presence of the public. Any party may also request the Court to limit public access to the courtroom for any portion of the trial of this action that would entail the discussion or disclosure of Confidential Information. In making any such requests, the moving party shall bear the burdens and expenses of seeking the protection of its Confidential Information in this Court and must provide the requisite showing, based on competent evidence, of "good cause" or "compelling reasons" for limiting the public's access to documents filed with the Court and Court proceedings.

9. Nothing herein shall prejudice any party's rights to object to the introduction of any Confidential Information into evidence, on grounds including but not limited to relevance and privilege.

10. GOOD CAUSE STATEMENT. The disclosure of documents designated in categories listed in Paragraph 1[A], 1[B], and 1[C] would subject police officers and witnesses to unnecessary harassment, violate police officers' rights to privacy, and put the lives and livelihood of the police officers and their families at risk of imminent harm.

11. This protective order is to be effective on the date the order is signed by the Court and may not be used for retroactive application to documents which have already been disclosed prior to the Court's signing of the order.

12. This Protective Order survives settlement, trial and/or appeal of this case.

**IT IS SO ORDERED.**

DATED: May 24, 2016                              _____
                                                                  HONORABLE JOHN F. WALTER
                                                                  UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDSELL FORD, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF LOS ANGELES, et al,, <br><br> Defendants. | CASE NO. CV 14-7268 JFW (JPRx) <br><br> [*Assigned to Hon. John F. Walter*] <br><br> **PROTECTIVE ORDER-- ADDENDUM** |

I, RENEE CHANG, understand that I am being given access to Confidential Information pursuant to the foregoing stipulation and order. I have read the Order and agree to be bound by its terms with respect to the handling, use and disclosure of such Confidential Information.

I agree that I am the only person at the Los Angeles County District Attorney's Office who will review the Confidential Information and have direct access to the Confidential Information. I intend to discuss information that I obtain from this

1

Confidential Information with the authorized persons listed below, but those persons will not be given access to the Confidential Information itself. I will instruct those authorized persons that the information is confidential and may not be provided to anyone not specifically named on this list. The authorized persons with whom I may discuss the Confidential Information are: Jackie Lacey, John Spillane, Devallis Rutledge, Christina Buckley, Theresa Coady, Jean Guccione, Shiara Davila-Morales, Jane Robison, John Neu, Bob Baker, Ron Ingels, Joseph Esposito, William Hodgeman, Pamela Booth, Gina Satriano, Victoria Adams, Kellyjean Chun, David Demerjian, Scott Goodwin, Sergio Gonzalez, James Garrison, Shannon Presby.

    I understand that my use of this Confidential Information is limited to reviewing the Confidential Information as part of a criminal investigation and that, absent further order of this Court, I may not disclose the Confidential Information, or the contents therein, to any other persons or for any other purpose.

DATED: 5/16/16      _Renee Chang_ (signature)